## BARNEY BAUER v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 8, 1915.

Nos. 18,935—(158).

**Charge to jury — liability of master to car repairer.**

1. Plaintiff, a car repairer in the employ of defendant, was injured while adjusting a door upon a box car which had been placed in his department for repairs; it was claimed on the trial that the door was defective, in that the hinges holding it in place on the car were out of order, by reason of which the door fell upon and injured plaintiff; the negligence charged was the failure of defendant to provide plaintiff with a door in safe and suitable condition for use. Defendant claimed that it was plaintiff's duty to repair the door, if out of order, before attempting to place it in position on the car, and he was therefore not entitled to recover. It is *held* that the trial court erred in instructing the jury that defendant was under legal obligation to furnish a safe and suitable door, and in refusing a requested instruction that if the duty of repair rested with plaintiff he could not recover.

**Questions for jury.**

2. The question whether defendant was under obligation to furnish a safe door, and the question whether the duty of repair rested with plaintiff, were made issues of fact by the evidence, and should have been submitted to the jury.

Action in the district court for Isanti county to recover $27,500 for injuries sustained while in the employ of defendant. The answer

---

[1] Reported in 150 N. W. 394.

alleged that if plaintiff sustained the injuries of which he complained, he sustained the same through his own carelessness and negligence and failure to exercise the care of an ordinarily prudent person for his own safety. The case was tried before Giddings, J., and a jury which returned a verdict in favor of plaintiff for $1,255. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed.

Cobb, Wheelwright & Dille, for appellant.

Thomas D. Schall, T. D. Sheehan and B. C. Thayer, for respondent.

BROWN, C. J.

Action for personal injuries, in which plaintiff had a verdict and defendant appealed from an order denying a new trial.

Plaintiff was in defendant's employ as a car repairer at Great Falls, Montana. His duties consisted in repairing cars which had become defective and out of order from use on the road. He was under a foreman, who had general charge of the work, and was assisted by other workmen engaged in the same service. On the day of the injury of which he complains, and at the time thereof, he was, with his fellow workmen, engaged in putting a door in position upon a box car, which had been placed upon the repair track to be supplied therewith, when its fastenings suddenly gave way, causing the door to fall upon and injure plaintiff. The negligence charged in the complaint and relied upon at the trial was the alleged failure of defendant to provide a reasonably safe door, and one that was in repair and suitable to be placed upon the car; that the door in question was not suitable for the purpose, in that the hinges attached thereto and which held the door in position were loose and defective, by reason of which the door fell when the workmen supposed it had been properly attached to its fastenings. The defense to the action, in addition to the claim that no negligence on the part of defendant was shown, was that it was plaintiff's duty, as assistant car repairer, to do the work of repairing defective cars, and that this included the repair of defective doors as well as other parts of a car; that this duty imposed upon plaintiff and his fellow workmen the

further duty of inspecting and ascertaining whether a door intended to be placed upon a car was in safe and suitable condition for the purpose; and that, if the door in question was defective in the respect claimed, plaintiff was chargeable with neglect of his duty in attempting to use it without ascertaining its condition.

It appears from the evidence that freight-car doors frequently become out of order, and are removed and replaced by doors in good condition for use; others by reason of defective hinges holding them in position fall from moving trains along the road, and are gathered up by sectionmen and finally reach some repair division point on the line, where they are placed with other defective doors in the repair yards to be put in order by workmen engaged in that service. There is no controversy in the evidence upon this subject, the contested point on the trial being, as already stated, whether it was plaintiff's duty to repair such doors before placing them upon cars, or whether it was defendant's duty to provide him with a door in good condition for use.

The court charged the jury "that it was the duty of the railway company to furnish a door with which these men could supply that car, and as to that proposition the law of the case is simply this, and the court so instructs you, that it was the duty of the railway company to furnish this plaintiff and his associates with a door reasonably safe and suitable for the purpose for which it was to be used, to supply the defects in that car, which plaintiff says he was called upon to make. In order that you may clearly understand, I repeat: It was the duty of the master, the employer, in this case the railroad company, to furnish this plaintiff and his associates a door that was reasonably safe and suitable for the purpose for which it was designed."

To this instruction defendant excepted, and also excepted to the refusal of the court to instruct the jury that "if you find from the evidence that plaintiff and  *  *  *  fellow workers on the car in question were in the defendant's employ as car repairers with duty to repair defective cars  *  *  *  upon the repair tracks;  *  *  *  that it was part of the duty of the plaintiff and his three associates to repair said car by fitting a door on said car from a supply

of second-hand car doors kept near by; that if the car door selected was not in proper condition to be used in said car it was the duty of the plaintiff and his said associates to repair the same and make it fit for use, and if you further find that said door fell while being placed in said car because of a defective hanger thereon, you are instructed that .defendant is not 'liable."

The substance of this request was that if it was plaintiff's duty as a member of the repair crew to make proper repairs upon doors he was called upon to adjust to cars, and he failed in the performance thereof, he could not recover.

We think and so hold that, in view of the evidence and issues presented, heretofore referred to, the learned trial court erred not only in refusing this request, but also in stating to the jury that defendant was under legal obligation to provide plaintiff with a safe and suitable door for the purposes intended. The plaintiff claimed that defendant owed him that duty; defendant denied the existence of the obligation, and insisted that plaintiff, under his employment, was under the duty of repairing the door before placing it upon the car. In view of this clearly defined issue the jury should, under the evidence, have been permitted to determine whether the duty of repair rested with plaintiff or defendant. It was the contested issue on the trial and should have been submitted as a question of fact. And if, as contended by defendant, the duty of repair rested with plaintiff, and consequently to see that the door in question was in condition for use, he cannot profit by a neglect of that duty by a recovery against the company. While the court referred to this claim of defendant in its instructions, it was submitted to them on the theory that, if plaintiff failed to perform the duty so imposed upon him, it was for the jury to say whether such failure constituted contributory negligence on his part. It was not, strictly speaking, a question of contributory negligence. If the duty rested with plaintiff, and he failed of performance, that is an end of the case and his action fails. If it was his duty to repair, then there was no negligence on the part of defendant in furnishing it to him in a defective condition, for, had it not been defective, it would not have reached plaintiff's department of the service. The theory of the court

would have been correct had it appeared without dispute that it was the duty of the company to provide a safe door, one in proper state of repair, for in that case plaintiff could recover, unless he was chargeable with contributory negligence in not timely discovering the defect of which he complains. The question of contributory negligence is important only in this view of the case. But the question whether defendant was under obligation to furnish a safe door, one in proper condition for use, was in issue by the evidence, and the jury should have been permitted to determine whether it rested with defendant, or by his employment was cast upon plaintiff. For this error, which is substantial, there must be a new trial.

Order denying new trial reversed.